IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| IOWA PROTECTION AND ADVOCACY SERVICES, INC. | ) ) ) | |
| Plaintiff, | ) ) | No. C01-3013MWB |
| vs. | ) ) | |
| GERARD TREATMENT PROGRAMS, L.L.C., | ) ) ) | JUDGMENT IN A CIVIL CASE |
| Defendant. | ) ) | |

This action came before the Court. The issues have been decided and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

Judgment is entered in accordance with attached Final Order.

Dated: June 17, 2002

JAMES D. HODGES, JR.
Clerk

_____
(By) Deputy Clerk

**APPROVED AS TO FORM:**

*MWB*
_____
MARK W. BENNETT
Chief Judge

Copies mailed on 6-17-02
to counsel of record or pro se
parties as shown on this docket
sheet.

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| IOWA PROTECTION AND ADVOCACY SERVICES, INC., | |
| Plaintiff, | No. C 01-3013-MWB |
| vs. | |
| GERARD TREATMENT PROGRAMS, L.L.C., | FINAL ORDER |
| Defendant. | |

**WHEREAS** this matter comes before the Court on this 14th day of June, 2002, pursuant to the parties' stipulation that a permanent injunction should issue herein,

**AND WHEREAS** the court finds that past and future interference by defendant Gerard Treatment Programs, L.L.C. (GERARD), with access by plaintiff Iowa Protection and Advocacy Services, Inc. (IPAS), to residents, records, and facilities of Gerard would impose irreparable harm or injury or the threat of such irreparable harm or injury upon IPAS's activities under the Protection and Advocacy for Mentally Ill Individuals Act (PAMII), 42 U.S.C. § 10801 *et seq.*, and provisions of the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (DDA), 42 U.S.C. § 15001 *et seq.*, and upon further consideration of all other relevant factors,

**DEFENDANT GERARD TREATMENT PROGRAMS, L.L.C. (GERARD)** is hereby **permanently enjoined**, as follows:

1. Gerard is permanently enjoined from preventing or interfering with IPAS's access, as provided by federal law, to residents, records of residents, and facilities located

at Gerard in Mason City, Iowa.

2. **Death or serious and immediate jeopardy.** In the case of (A) an investigation into the death of a Gerard resident with either a developmental disability or mental illness, or (B) upon a determination by IPAS that there is probable cause to believe that the health or safety of one or more Gerard residents with either a developmental disability or mental illness is in serious and immediate jeopardy, Gerard shall provide IPAS with access as follows:

    a. **Residents and facilities.** Within twenty-four hours of written request for access, identifying the grounds therefor as either (A) or (B) above, Gerard shall provide IPAS with reasonable unaccompanied access to any facility service recipient, employee, or other persons, including the person thought to be the victim of abuse or neglect, who might be reasonably believed by IPAS to have knowledge of the incident under investigation, including the opportunity to interview such person or persons, and, where IPAS determines that it is reasonably necessary, such access is not restricted to normal working or visiting hours; and

    b. **Records.** Within twenty-four hours of written request for access, identifying the grounds therefor as either (A) or (B) above, and, if applicable, providing the "Notice of Contact" described below, Gerard shall provide IPAS with access to the records of the decedent or the resident or residents believed to be in serious or immediate jeopardy.

3. **Complaint or determination from monitoring or other activities.** In the case of (A) a complaint received by IPAS of the abuse or neglect of one or more residents of Gerard with either a developmental disability or mental illness, or (B) a determination by IPAS of probable cause to believe that one or more residents of Gerard with either a developmental disability or mental illness is subject to abuse or neglect, as a result of

2

monitoring or other activities by IPAS, Gerard shall provide IPAS with access as follows:

    **a.** **Residents and facilities**. Within twenty-four hours of written request for access, identifying the grounds therefor as either (A) or (B) above, Gerard shall provide IPAS with reasonable unaccompanied access to any facility service recipient, employee, or other persons, including the person thought to be the victim of abuse or neglect, who might be reasonably believed by IPAS to have knowledge of the incident under investigation, including the opportunity to interview such person or persons; and

    **b.** **Records**. Within three business days of written request for access, identifying the grounds therefor as either (A) or (B) above, Gerard shall provide IPAS with access to the records of the resident or residents in question.

**4.** **Access to residents and records**. Under the circumstances identified in either paragraph 2 or 3, IPAS shall have access to residents or records, as follows:

    **a.** **Residents**. IPAS shall have access to a resident of Gerard without the consent from another person, and even if a resident's parent, legal guardian, guardian ad litem, or other legal representative objects to such access.

    **b.** **Records**. In the case of a resident of Gerard who is deceased, IPAS shall have access to the records of a resident of Gerard without the consent from another person, and even if a resident's parent, legal guardian, guardian ad litem, or other legal representative objects to such access. In the case of any resident of Gerard who is not deceased, IPAS shall have access to the records of a resident of Gerard without the consent from another person, and even if a resident's parent, legal guardian, guardian ad litem, or other legal representative objects to such access, if—

        i. the resident in question is a client of IPAS or the legal

3

guardian, conservator, or other legal representative of such individual has authorized IPAS to have such access; or

  ii. the resident in question, by reason of that individual's mental or physical condition, is unable to authorize IPAS to have such access and the individual does not have a legal guardian, conservator, or other legal representative, or the legal guardian of such individual is the State; or

  iii. the resident in question has a legal guardian, conservator, or other legal representative, such representative has been contacted by IPAS, upon receipt of the name and address of such representative, and IPAS provides Gerard with a **"Notice of Contact"** including the following:

   (1) the date on which IPAS contacted or attempted to contact a resident's representative with an offer of assistance and request for consent to access;

   (2) whether or not the representative responded to the contact by a deadline set forth in IPAS's request for consent and offer of assistance; and

   (3) whether, if a response was received, the representative gave consent to IPAS's access or expressly declined to give such consent.

 5. **Monitoring and other activities.** Within twenty-four hours of written request for access, which shall identify the purpose of such access, Gerard shall provide IPAS with reasonable unaccompanied access to residents, facilities, and programs for the purposes of providing information and training and referral to programs of IPAS; providing information and training on rights of residents; monitoring compliance with respect to the rights and safety of residents; inspecting, viewing, and photographing all

4

areas of the facility which are used by residents or are accessible to residents; and any other activity of IPAS authorized by law. Such access shall be made with respect to residents' privacy interests and IPAS shall honor a resident's request to terminate an interview.

6. **Times and conduct of access.** Unless otherwise specified, access permitted or required by this Order shall, at a minimum, be provided during normal working and visiting hours; however, Gerard shall not unreasonably withhold access during other times. To the extent possible, all activities of IPAS shall be conducted to minimize interference with Gerard's programs and any inconvenience or distress to residents.

7. **Binding effect.** This permanent injunction shall be binding on the parties to this action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this order.

8. **Dismissal of request for other relief.** IPAS's request for other relief, including attorney fees and costs, shall be dismissed.

**IT IS SO ORDERED.**

DATED this 14th day of June, 2002.

Mark W. Bennett
_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

Copies mailed on 6-17-02
to counsel of record or pro se
parties as shown on the docket
sheet.

Deputy Clerk